JOHN BOONE, the father of the complainant, by his last will and testament duly executed in 1792, having disposed of his personal estate between his wife and children share and share alike, devised his real estate in flie following' words : “ On my son arriving at the age ° ^ o o of twenty one years, I do hereby direct and empower executrix and executor, herein alter named, t,o have the value of my real estate fixed and ascertained in the best manner they can, and the same to be equally divicl-between all my children, share and share alike •, so that my plantation in Christ Church Parish be in one division or lot, and my other lands be equally divided in as many parts or lots as there be children, with the tract in Christ Church where I now live ; that he shall have his choice of any one tract or lot so divided. Item. — I give and bequeath the same tract or lot he makes choice of to my said son, unto Mm and his heirs and assigns forever.” The testator’s son has .arrived at the age of twenty one years, and has made choice of the plantation . in Christ Church, which is of considerably greater value than either of the other lots of land. The question made for the consideration of the Court is, whether the son ought to make good the difference in value between the planta *89 tion in Christ Church, and the other lots assigned to his two sisters ? The Court is of opinion that the testator intended his estate to be equally divided between his children, having reference to the value of it. Why else did he direct the value of it to be fixed and ascertained ? The words to- be equally divided between my children, share and share* alike, arc strong and unequivocal. Then follow the words, so that my plantation in Christ Church Parish be in one dividend or lot, and my other lands be equally divided in as many parts or lots as there be children, with the tract in Christ Church where I now live j that he shall have the choice of any one tract or lot so divided. To construe the words so as to let the son have the plantation in Christ Church without making good the difference in value between it and the other lots of land, would be to control the obvious meaning and operation of the preceding part of the clause of the will. Such a construction ought to be put on them as will make the whole clause stand. Besides the testator would hardly have left to his son the choice of his lots of land, knowing his plantation in Christ Church to be worth a great deal more than either of his other lots of' land, if he had not intended him to make good the difference in value between it and them. It is therefore ordered and decreed that the complainant do make good the difference in value between the plantation in Christ Church, of which he has made choice, and the other lots of land assigned to his sisters.